Noelle E. Dwarzski OSB 131866
noelled@bcmjlaw.com
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, WA 98101
Tel. (206) 224-9900
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UFCW LOCAL 555-EMPLOYERS HEALTH TRUST,<br><br>Plaintiff,<br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR FAILURE TO PAY CONTRIBUTIONS PURSUANT TO ERISA 502 |

For its complaint, Plaintiff alleges as follows:

I. PARTIES AND JURISDICTION

1. Plaintiff is the Board of Trustees of the UFCW Local 555-Employers Health Trust (the "Health Trust"), a joint labor-management trust fund created pursuant to Section 302(c) of the Labor Management Relations Act (hereafter referred to as the Act), 29 U.S.C. § 186(c), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. as amended (hereafter ERISA) for the purpose of providing eligible employees, dependents, and

COMPLAINT – 1

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be

beneficiaries with healthcare and related benefits. It maintains a principal office in Tualatin, Washington County, Oregon.

2. The Health Trust is an "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of ERISA.

3. Numerous employers pay fringe benefit contributions to the Health Trust and this Trust is a "multiemployer plan" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.

4. The Plaintiff Board of Trustees of the Health Trust has discretionary authority and control over the management of the Health Trust and are the Plan Sponsors and "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

5. Defendant Kaiser Foundation Health Plan of the Northwest (hereafter "Kaiser"), is an Oregon domestic company engaged in business in the State of Oregon having a business location at 500 NE Multnomah Street, Suite 100, Portland, Oregon 97223.

6. Defendant Kaiser is engaged in business within the jurisdiction of this court, and such business affects commerce within the meaning of Section 301(a) of the Act.

7. Jurisdiction is conferred on this court by Section 301 of the LMRA, 29 U.S.C. § 186, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

8. Venue lies in the United States District Court for the District of Oregon under ERISA § 502, 29 U.S.C. §1132, and pursuant to the terms of the Trust Agreement.

II.   FACTS

9. On or about November 1, 2018, persons listed below on behalf of Kaiser, in their official capacities, entered into two Working Agreements (also known as collective bargaining agreements) with the United Food & Commercial Workers Union Local 555 on behalf of Kaiser ("Agreements"):

COMPLAINT – 2

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be

| Name | Title |
|---|---|
| Rith Williams-Brinkley | Regional President |
| Wendy Watson | Chief Operating Officer |
| Jenny Smith | Chief Financial Officer |
| Maya Fitas | Interim Vice President, Human Resources |
| Robert Sokol | Director, Employee & Labor Relations |

10. These Agreements covered Kaiser's employees performing imaging services, pharmacy technicians, and pharmacy warehouse work.

11. As a signatory employer to the Agreements, Kaiser agreed to the terms of the UFCW Local 555-Employers Health Trust.[1]

12. Under the terms of the Agreements, Kaiser agreed to pay monthly fringe benefits to the Health Trust for each hour of covered work performed by its covered employees. The amount per hour and the basis for the contributions (i.e. per hour worked or per hour compensated) are set forth in the Agreements.

13. Pursuant to the terms of the Agreements, the Health Trust provides covered employees dental benefits and/or short-term disability benefits.

14. The Health Trust is a third party beneficiary under the terms of the Agreements.

15. Pursuant to the terms of the Agreements, Kaiser agreed to pay all fringe benefit contributions to the designated administrator's office. The administration office collects fringe benefit contributions and other amounts specified in the Agreements.

16. Kaiser's obligations to the Health Trust are set forth in Amendment No. 3 to the Trust Agreement Governing the Joint Labor Management Retail Trust, Amending Article IX,

---

[1] Effective July 1, 2013 and formerly known as the Joint Labor Management Retail Trust.

COMPLAINT – 3

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be

Section 5, dated May 17, 1990.  Under the Joint Labor Management Retail Trust, Kaiser agreed to, among other things:

- Prompt and accurate payment of contributions;
- Payment of liquidated damages of ten percent (10%) of the amount of contributions which are owed or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages in the amount of twenty percent (20%) of the contributions owed, with interest on delinquent contributions at twelve percent (12%) per annum from the date due until paid; and
- Payment of the reasonable attorney fees (with a minimum of $100.00), audit costs, and costs of collection.

17. Kaiser employed employees for whom employee benefit contributions are due under these obligations but has failed and refused to make the required monthly contributions for such covered employees to the Health Trust.

18. Kaiser has failed to timely report and pay its contributions to the Health Trust.

19. Despite demand, Kaiser has failed and/or refused to pay contributions to the Health Trust for the August 1, 2016 through July 31, 2022 audit period.

20. As of the date of this complaint, Kaiser owes $3,200,763.22 comprised of $1,895,977.34 in contributions, $379,195.47 in liquidated damages, $917,870.41 in interest (calculated through January 20, 2024) and $7,720.00 in audit fees for the August 1, 2016 through July 31, 2022 audit period.

### III.   CLAIM FOR RELIEF

21. The Health Trust re-alleges the facts set forth in paragraphs 1 through 20 above as if stated fully herein, and further allege as follows:

22. Kaiser owes $1,895,977.34 in contributions to the Health Trust for the August 1, 2016 through July 31, 2022 audit period.

COMPLAINT – 4

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be

23. Under the terms of the Trust Agreement creating the Health Trust and under ERISA §502(g)(2), Kaiser is obligated to pay liquidated damages, interest, reasonable attorney's fees and costs and expenses of suit as a result of its failure to pay the required employee benefit contributions in a timely manner.

24. Accordingly, Kaiser also owes the Health Trust $379,195.47 in liquidated damages, $917,870.41 in interest (calculated through January 20, 2024) and $7,720.00 in audit fees for the August 1, 2016 through July 31, 2022 audit period. Interest continues to accrue after January 20, 2024 at $623.24 per day.

25. Kaiser also owes the Health Trust an unknown amount of attorney fees in an amount to be proven on motions or at trial and interest through the date of the entry of judgment.

WHEREFORE, the Plaintiff Board of Trustees of the UFCW Local 555-Employers Health Trust prays for money judgment as follows:

    A. For judgment against Kaiser for a total of $3,200,763.22 comprised of $1,895,977.34 in contributions, $379,195.47 in liquidated damages, $917,870.41 in interest (calculated through January 20, 2024) and $7,720.00 in audit fees for the August 1, 2016 through July 31, 2022 audit period.;

    B. Interest through the date of the judgment on the unpaid contributions;

////

////

////

COMPLAINT – 5

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be

   C. Reasonable attorneys' fees, costs and expenses of suit; and

   D. For such other and further relief as this court deems just and equitable.

DATED this 9th day of February, 2024

           _s/ Noelle E. Dwarzski_
           Noelle E. Dwarzski, OSB 131866
           BARLOW COUGHRAN
           MORALES & JOSEPHSON, P.S.
           1325 Fourth Avenue, Suite 910
           Seattle, WA 98101
           Tel. (206) 224-9900
           noelled@bcmjlaw.com
           Attorneys for Plaintiffs

COMPLAINT – 6

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 hb09k301be